IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AGNES M. CHOWANIEC, | ) ) ) | |
| *Plaintiff,* | ) ) | No. 22 C 4197 |
| v. | ) ) | Judge Virginia M. Kendall |
| CITY OF CHICAGO, | ) ) ) | |
| *Defendant.* | ) ) | |

**ORDER**

On August 10, 2022, Plaintiff Agnes Chowaniec filed a Complaint with this Court, (dkt. 1), and simultaneously moved to proceed *in forma pauperis* without the full prepayment of filing fees, (dkt. 3, 4), and for appointment of counsel, (dkt. 5). For the reasons stated below, Plaintiff's application to proceed *in forma pauperis* is granted, but the Complaint is hereby dismissed as untimely, and the motion for attorney representation is dismissed as moot.

**I.  Ability to Pay the Filing Fee**

Title 28 U.S.C. § 1915(a) permits the Court to authorize Plaintiff to proceed *in forma pauperis* if he is unable to pay the $400 mandated filing fee. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Plaintiff is eligible to proceed *in forma pauperis* if paying the filing fee would prevent him from purchasing the necessities of life. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

Plaintiff has been unemployed since January 2020. Dkt. 3 at 1. She receives $100.79 per week in child support and has received a total $8,480.40 in loans in the preceding 12 months. Dkt. 4 at 1. She financially supports two children. *Id*. at 2. She does not have more than $200.00 in a checking or savings account, and does not own any stocks, bonds, securities or other financial instruments. Dkt. 3 at 3. She does not own any real property or a car. *Id*. Plaintiff has demonstrated that paying the $400 filing fee would prevent her from purchasing the necessities of life. Therefore, the Court grants her motion to proceed *in forma pauperis*. The Court, however, must look beyond Plaintiff's financial status and review the sufficiency of the claims made in the Complaint.

**II.  Review of the Complaint**

Next, 28 U.S.C. § 1915(e)(2) requires the Court to screen Plaintiff's complaint and to dismiss the complaint if the Court determines the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." Courts reviewing complaints under § 1915(e)(2) apply the same standard used

for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 739 (2018); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S 602, 678 (2009). The statement must "give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' " *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007)).

Plaintiff sued Defendant City of Chicago alleging age discrimination under 29 U.S.C. § 621 *et seq.*, the Age Discrimination Employment Act of 1967 ("ADEA"). Dkt. 1. Plaintiff alleges that Defendant violated the ADEA by improperly delaying her employment application until she was age-disqualified to serve as a City of Chicago police officer. Dkt. 1 at 8.

Plaintiff first applied for work as a Chicago police officer in January 2016, when she was 35 years old. Dkt. 1 at 8. She contacted Defendant multiple times between July 2019 and April 2020 to check her application status. *Id*. She also completed several of Defendant's required tests and background checks. *Id*. On April 9, 2020, one of Defendant's HR representatives left Plaintiff a voice message "admit[ting] the delay was on [Defendant's] part and suggest[ing] that Complainant apply to other departments that do not have an age limit, like the fire department." *Id*. On April 16, 2020, Plaintiff turned 40. *Id*. Chicago municipal code prohibits individuals aged 40 and above from serving as probationary police officers. Municipal Code of Chicago 2-152-410.

Before filing her lawsuit, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") on April 16, 2020. On May 5, 2022, the EEOC mailed Plaintiff a Notice of Right to Sue, informing her that the EEOC was terminating its processing of her charge. According to Plaintiff's Complaint, she received the Notice of Right to Sue on May 11, 2022. Dkt. 1 at 3. Plaintiff filed her Complaint on August 10, 2022, 91 days after receiving her right-to-sue letter. Dkt. 1.

Construing Plaintiff's complaint in the light most favorable to her, her complaint must be dismissed as untimely. Under the ADEA, a putative plaintiff must file a charge of discrimination with the EEOC or Illinois Department of Human Rights (IDHR) within 300 days of the alleged discriminatory act. 29 U.S.C. § 626(d)(1)(B). Plaintiff filed such a charge. Dkt. 1 at 2. The ADEA further requires that when the EEOC elects not to pursue plaintiff's discrimination charge, it must "notify the person aggrieved," who may then file a civil action "within 90 days after the date of the receipt of such notice." 29 U.S.C. § 626(e). Plaintiffs must file their complaints within ninety days of a receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (ninety-day statute of limitations begins to run on the day plaintiff receives the right-to-sue letter). This requirement is strictly enforced even for *pro se* plaintiffs. *See Portillo v. Zebra Techs. Corp.*, 154 F. App'x 505, 507 (7th Cir. 2005) (dismissing *pro se* plaintiff's complaint filed ninety-one days after receipt of right-to-sue letter); *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (dismissing complaint filed ninety-two days after receipt of right-to-sue letter); *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1317 (7th Cir. 1984) (dismissing *pro se* plaintiff's complaint filed more than ninety days after receipt of right-to-sue letter).

Plaintiff's pleadings confirm that she filed her complaint on August 10, 2022, the ninety-first day after receiving the EEOC's Notice of Right to Sue on May 11, 2022. Dkt. 1 at 3. Thus,

Plaintiff did not sue within the 90-day statute of limitations period afforded under the ADEA. "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009); *see also Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015) (affirming Rule 12(b)(6) dismissal of the plaintiff's complaint because "the district court can dismiss a complaint as untimely if the plaintiff has admitted all the elements of the affirmative defense"); *Hernandez v. Nieves*, 762 F. App'x 325, 326 (7th Cir. 2019) (affirming § 1915(e) dismissal of the plaintiff's complaint as untimely, because "the district court may consider [the statute of limitations] at screening if the complaint's own allegations establish that it is untimely"). Here, Plaintiff has pled herself out of court by alleging facts sufficient to establish her complaint's tardiness—namely, that she filed her complaint more than ninety days after receiving her EEOC right-to-sue letter.

### III.  Request for Appointment of Counsel

"There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In considering whether to grant Plaintiff's motion for attorney representation, the Court considers whether he has made reasonable efforts to retain counsel and whether, given the difficulty of the case, the plaintiff appears to be competent to try it himself. *Stechauner v. Kemper*, 804 F. App'x 404, 406 (7th Cir. 2020) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

Because Plaintiff's Complaint is untimely, her request for appointment of counsel is moot.

### IV.  Conclusion

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis*, (dkt. 3, 4) is granted; her Complaint (dkt. 1) is dismissed with prejudice as untimely; and her motion for attorney representation, (dkt. 5) is dismissed as moot.

_____
Virginia M. Kendall
United States District Judge

Date: September 19, 2022